## COBLE v COBLE

Ohio Appeals, 2nd Dist, Montgomery Co

No 1694.   Decided May 19, 1941

B. F. McConnell, for plaintiff-appellant.

George Alcorn, Dayton, for defendant-appellee.

## OPINION

By GEIGER, PJ.

This is an appeal from the judgment of the court below "on questions of law" and on "questions of law and fact". The action below was for divorce and alimony.   The cause was heard and divorce granted on the 13th of January, 1941.   On the 14th of January, 1941, a motion to vacate the decree was filed. The basis for the motion seems to be that the attorney for the plaintiff was dissatisfied with the fact that after he had filed the petition some other counsel appeared on behalf of plaintiff and further an allegation that the plaintiff had been guilty of misconduct between the filing of the divorce proceeding and the final decree.

The motion was heard on February 17, 1941, and on the same day an entry was filed to the effect that "the court does hereby vacate, set aside and hold for naught the former decree of the court granting a divorce", etc., which decree was filed January 13, 1941, being in the same term in which the judgment was rendered.

To this judgment of the court, the notice of appeal is given.   The Court is of the opinion that said order from which an appeal is prosecuted is not a final order.   The case is still pending in the court of common pleas. Until a final order is entered, there can be no effective appeal.

This judgment is not in conflict with the case of **Van Ingen v Burger, 82 Oh St 255; Makranczyz v Gelfand, 109 Oh St 235;** and **Meyer et v Meyer, 25 Oh Ap 249,** in all of which it is held that an order of vacation of a judgment rendered **at a prior term,** by virtue of §11633 is a "final order".   The decree for divorce in this case was filed on January 13, 1941, and the order vacat-

ing the same was entered on February 17, 1941, within the same term. The Court has power to set aside the judgment during the term. **Sec. 11631** has no relation to such an action of the court and the order so setting aside the judgment is not a final order and the cause is still pending in the court below.

Appeal dismissed.

BARNES and HORNBECK, JJ., concur.